**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**JAMES EDWARD LETT** **PETITIONER**
**Reg. # 10677-033**

**V.** **No. 2:26-cv-00061-BSM-ERE**

**DOE, Warden, Forrest City** **RESPONDENT**

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("RD") has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and must be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I. Summary

Pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by James Edward Lett, a federal prisoner incarcerated in Forrest City, Arkansas. Mr. Lett challenges the validity of his conviction but fails to show that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective. The Court therefore recommends that the petition be dismissed sua sponte, without prejudice, for lack of jurisdiction.[1]

[1] Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled

## II. Background[2]

In 2008, Mr. Lett pleaded guilty in the United States District Court for the Western District of Kentucky to: (1) two counts of aiding and abetting armed bank robbery, in violation of 18 U.S.C. §§ 2 and 2113(a) and (d); and (2) one count of aiding and abetting possession, brandishing, and firing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c). *United States v. Lett*, No. 4:08-cr-7-JHM, ECF Nos. 3, 39 (W.D. Ky. Oct. 3, 2008). In pleading guilty, Mr. Lett waived the right to directly appeal or collaterally attack his conviction, and he admitted, among other things, that he took part in two bank robberies, and during the first, he threatened bank employees with a gun. *Id.*, ECF No. 38. He was sentenced to 300 months in prison. *Id.*, ECF No. 54.

In 2016, Mr. Lett filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that his sentence was subject to adjustment under *Johnson v. United States*, 576 U.S 591 (2015). *Id.*, ECF No. 64. The trial court denied the motion, and Mr. Lett did not appeal. *Id.*, ECF Nos. 82, 83.

---

to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The § 2254 Rules may be applied in § 2241 habeas cases. See § 2254 Rule 1(b).

[2] The background facts are taken in part from public court records. See *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (noting that the court may take judicial notice of judicial opinions and public records); see also *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996) (noting that the Eighth Circuit has held that "federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue").

In 2018, Mr. Lett filed a second § 2255 motion, claiming that his co-defendants would attest to his innocence. *Id.*, ECF No. 93. Because Mr. Lett failed to obtain an order from the Sixth Circuit authorizing consideration of a successive § 2255 motion as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the trial court transferred the matter to the court of appeals. *Id.*, ECF No. 96. The Sixth Circuit denied Mr. Lett's application to file a successive § 2255 motion, noting that he had failed to: (1) challenge the validity of his voluntary waiver of the right to collaterally attack his conviction or sentence; or (2) make a prima facie showing supporting his actual innocence. *Id.*, ECF No. 98.

In 2019, Mr. Lett filed a third § 2255 motion, *id.*, ECF No. 99, arguing that the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019), rendered his § 924(c) conviction invalid. In *Davis*, the Court held that the residual clause used to support some § 924(c) convictions was unconstitutionally vague.[3] The

[3] Section 924(c) provides enhanced punishment for "any person who, during and in relation to any *crime of violence* or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A) (emphasis added). The residual clause, in turn, defines "crime of violence" as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). In *United States v. Davis*, 588 U.S. 445 (2019), the Supreme Court applied the vagueness rule announced in *Johnson v. United States*, 576 U.S 591 (2015), to invalidate § 924(c)'s residual clause.

It appears that *Davis* does not apply in Mr. Lett's case because his § 924(c) conviction did not depend on application of the statute's residual clause. Section 924(c) also includes an elements clause that defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)((A). The crime of violence underlying Mr. Lett's § 924(c) conviction was aiding and abetting armed bank robbery in violation of 18 U.S.C. 2113(a) and (d). Multiple Courts of Appeal, including the Sixth and Eighth Circuits, have held that armed robbery in violation of § 2113(a)

trial court transferred the motion to the Sixth Circuit, which again denied permission for Mr. Lett to proceed with a successive petition. *Id.*, ECF No. 103.

On April 15, 2026, Mr. Lett filed the § 2241 petition and supporting memorandum now before the Court. *Docs 1, 2*. He again argues that the Supreme Court's decision in *United States v. Davis*, 588 U.S. 445 (2019) invalidates his § 924(c) conviction.

**III. Discussion**

A challenge to the lawfulness of a federal conviction and sentence generally must be made in the sentencing court through a 28 U.S.C. § 2255 motion to vacate, set aside, or correct. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court that convicted and sentenced the petitioner. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986). A limited exception to this rule is found in the "saving clause" of § 2255(e),[4] which permits a federal court in the district of incarceration to

---

qualifies as a crime of violence because it has as an element the use or threatened use of physical force. *Estell v. United States*, 924 F.3d 1291, 1292 (8th Cir. 2019); *In re Hines*, 824 F.3d 1334, 1337 (11th Cir. 2016) *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016).

[4] Section § 2255(e), with the saving clause italicized, provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or*

entertain a § 2241 habeas petition challenging the validity of a conviction or sentence *only if* the § 2255 remedy is inadequate or ineffective to test the legality of a conviction or sentence. *See United States ex rel. Perez v. Warden, FMC Rochester,* 286 F.3d 1059, 1061-62 (8th Cir. 2002) (describing the exception as a "narrowly-circumscribed safety valve").

A § 2241 petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and it is clear that Mr. Lett cannot make that showing. Section 2255 is not ineffective or inadequate merely because, like Mr. Lett, a petitioner was previously denied § 2255 relief or permission to file a successive § 2255 motion. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). The saving clause covers only "unusual circumstances" that make it impossible or impracticable for a prisoner to seek relief from the sentencing court—such as the sentencing court's dissolution or the prisoner's inability to be present at a hearing. *Jones v. Hendrix*, 599 U.S., 465, 474 (2023). And also applicable here, the Supreme Court has held that the saving clause does not allow a prisoner to dodge the AEDPA's restriction on successive § 2255 motions by filing a § 2241 petition seeking relief under an intervening, favorable interpretation of statutory law. *Jones v. Hendrix*, 599 U.S. 465, 469 (2023).

---

*ineffective to test the legality of his detention*.
28 U.S.C. § 2255(e)(emphasis added).

## IV. Conclusion

Mr. Lett's § 2241 habeas petition challenges the validity of his conviction and sentence in the Western District of Kentucky, and it is clear that he cannot show the remedy under § 2255 is inadequate or ineffective.

IT IS THEREFORE RECOMMENDED that Petitioner James Edward Lett's § 2241 petition (*Doc. 1*) be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Dated 6 July 2026.

UNITED STATES MAGISTRATE JUDGE